**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Clinton Louis NOBLE, Defendant— Appellant.**

No. 03–50063.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

Nancy B. Spiegel, Esq., Ronald L. Cheng, Esq., Hanley Chew, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Wayne R. Young, Esq., Santa Monica, CA, for Defendant—Appellant.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Clinton Noble appeals his sentence imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He contends that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2005), the district court violated his constitutional rights and plainly erred in making an upward adjustment under U.S.S.G. § 2K2.1(b)(4) for possession of a stolen firearm. Noble was sentenced before the United States Supreme Court held in *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005), that the Sentencing Guidelines were effectively advisory. The record does not show how the district court would have proceeded if it had known that the Guidelines were not mandatory. Accordingly, we remand for the district court to answer the question whether the sentence would have been materially different if it had known that the Guidelines were advisory, and for further proceedings under *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

**REMANDED.**

[redacted]

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).